IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) S.R., a minor, by and through her parents and next friends, STEPHANIE KING and STANLEY ROSS, <br><br> Plaintiffs, <br><br> v. <br><br> (1) TRI-COUNTY INTERLOCAL COOP INDEPENDENT SCHOOL DISTRICT, <br><br> (2) LOGAN SKYLAR SMITH; <br><br> Defendants. | § § § § § § § § § § § § § § § | Case No. CIV-23-255-JAR |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO LYTLE SOULE & FELTY AND ATTORNEYS' MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT LOGAN SKYLER SMITH**

COME NOW Plaintiffs, S.R., a minor, by and through her parents and next friends, Stephanie King and Stanley Ross and offers this Response in Opposition to the Motion to Withdraw as Counsel for Defendant Logan Skylar Smith [Doc. 46] filed on August 16, 2024.[1]

**RESPONSE AND BRIEF IN OPPOSITION**

Plaintiffs' oppose the Motion to Withdraw [Doc. 46] based upon the following:

- **THE MOTION TO WITHDRAW IS IN VIOLATION OF LCvR 7.1 (f)**

The Local Civil Rules of the United States District Court for the Eastern District of Oklahoma LCvR 7.1(f), in pertinent part, requires:

---

[1] Plaintiffs' response is timely pursuant to Local Civil Rules of the Unites States District Court for the Eastern District of Oklahoma LCvR 7.1(d), as follows: "Each party opposing a motion or objection shall file with the Court Clerk and serve upon all other parties a response within fourteen (14) days, if applicable, from the date the motion or objection was filed."

1

> **Informal Conference Before Filing All Non-Dispositive Motions.** With respect to **all** non-dispositive motions or objections (including all discovery matters and motions in limine), the Court shall refuse to hear any such motion or objection unless counsel for movant first advises the Court in writing that counsel personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord. No personal conference shall be required, however, where the movant's counsel represents to the Court in writing that movant's counsel has conferred with opposing counsel by telephone …

The Motion to Withdraw as Counsel [Doc. 46] does not advise the Court in writing that "counsel have met and conferred" either personally or by telephone, because it did not occur. The truth is, on the date of the filing of the Motion to Withdraw as Counsel [Doc. 46], Plaintiffs' counsel received an email from counsel for Defendant Logan Skylar Smith on August 16, 2024 at 10:05 a.m. that unilaterally announced:

> Counsel,
>
> Attached you will find our Motion to Withdraw. As you will see, I have accepted new employment in Texas and my last day with Lylte Soule & Felty will be 8/29. As a result, Lytle Soule & Felty will also be withdrawing from the case. Mr. Smith has been made aware and has no objections. We are attempting to find new counsel, and we will amend the motion to withdraw, if needed.
>
> It has been a pleasure to work with you all.

*See* Barr Email Ex. 1.

At 10:36 a.m. on August 16, 2024, before Plaintiffs' counsel had an opportunity to respond to the previous, another email was received from counsel for Defendant Logan Skylar Smith:

> Counsel,
>
> We will be filing the motion later this afternoon. I realized I did not include that in my original transmittal.
>
> thanks,

*See* Barr Email Ex. 2.

At 1:27 p.m. on August 16, 2024, Plaintiffs' counsel received a "Notice of Electronic Filing" that the Motion to Withdraw as Counsel [Doc. 46] had been filed. *See* Notice of Electronic Filing Ex. 3. The deed was done with neither a "meet and confer" or a written advisement to the Court of a "meet and confer".

This alone requires the Court to refuse to hear the motion and therefore **deny** the motion under LCvR 7.1(f). Unfortunately, there is more, much more, that Plaintiffs' must bring to the awareness of this Court.

- **THE MOTION TO WITHDRAW IS IN VIOLATION OF LCVR 83.5**

The Local Civil Rules of the Unites States District Court for the Eastern District of Oklahoma LCvR 83.5 requires:

> In civil cases, attorneys of record shall not withdraw from the case except upon reasonable notice to the client and all other parties who have appeared in the case and by leave of the judge to whom the case is assigned. Counsel shall certify that he or she has served the application and motion upon their client. Counsel shall also file a certificate of service, stating the date and manner of service regarding the approved Order.

There was not reasonable notice to Plaintiffs' counsel as revealed herein. There was also not a certification of reasonable notice to Defendant Logan Skyler Smith.

As will be subsequently revealed herein, upon information and belief, Defendant Logan Skyler Smith is of marginal, if not low intelligence, and faces dire consequences if unrepresented by competent counsel. *See* The Motion to Withdraw Places Defendant Logan Skylar Smith in Legal Jeopardy, Page 8, *herein*.

This Motion to Withdraw as Counsel [Doc. 46] is alarming.

- **THE MOTION TO WITHDRAW IS NOT TRUTHFUL**

The Motion to Withdraw as Counsel [Doc. 46] makes the following misrepresentation to the Court:

3

*There are no current deadlines that would be affected by this Motion.*

*See* Motion to Withdraw as Counsel, ¶ 4.

Counsel for Defendant Logan Skylar Smith was involved in the drafting and filing of the Joint Status Discovery Report [Doc. 43], filed on July 26, 2024, which was filed just twenty-four (24) days prior to the filing of the Motion to Withdraw as Counsel [Doc. 46] on August 16, 2024, which clearly expressed these concerns to the Court:

> On Friday, July 19, 2024, Defendant School District and Defendant Logan Skylar Smith agreed to Plaintiffs proposed Joint Motion for Agreed Protective Order and its attendant proposed Parties' Agreed Protective Order.[2]
>
> Plaintiffs' counsel's legitimate concern is that these subpoenas may result in third-party objections and/or yield matters for further discovery unknown to any of the litigation parties at this time.
>
> In a conference call today, July 26, 2024, between Plaintiffs' counsel, Cameron Spradling and Tod Mercer, and Defendant School District's counsel, John Priddy and Lindsey Albers, Plaintiffs' counsel proposed a one month extension of the discovery cutoff from its present date of August 16, 2024. Plaintiffs' counsel also proposed a one month extension of the dispositive motions deadline of August 30, 2024 as an accomodation. Defendant School District's counsel is considering this proposal and must consult with their client.
>
> If Plaintiffs' counsel's proposal is accepted by Defendant School District's counsel the Court can anticipate the filing of a Joint Motion to Extend the Scheduling Order Deadlines as to the discovery cutoff of August 16, 2024 to September 16, 2024 and the dispositive motions deadline of August 30, 2024 to September 30, 2024 with all other remaining deadlines remaining static. If Plaintiffs counsel's proposal is not accepted, Plaintiffs will be filing Plaintiffs' Motion to Extend the Scheduling Order Deadlines with these same suggested extended deadlines.

*See* Joint Status Discovery Report, ¶ 7, [Doc. 43].

---

[2] Plaintiffs' counsel submitted Plaintiffs proposed Joint Motion for Agreed Protective Order and the proposed Parties' Agreed Protective Order via email on June 25, 2024 for final approval.

4

The Protective Order was signed by the Honorable Jason A. Robertson on July 31, 2024 [Doc. 44] only sixteen (16) days before the notice and filing of the Motion to Withdraw as Counsel [Doc. 46].

Then on August 15, 2024, **only one (1) day before** the notice and filing of the Motion to Withdraw as Counsel [Doc. 46], Plaintiffs' counsel filed Plaintiffs' Unopposed Motion to Extend Deadlines [45], which stated as follows:

> "Accordingly, Plaintiffs' counsel, **in consultation with Defendants' counsel**, propose the following for the extended deadlines:
>
> | Scheduling Order Deadline Extensions | Current Deadline | Proposed Deadline |
> |---|---|---|
> | Discovery Completed | 08/16/24 | 09/16/24 |
> | All Dispositive Motions Filed | 08/30/24 | 09/30/24 |
>
> None of the deadlines in that Scheduling Order have yet to have occurred.
>
> Again, **Plaintiffs' counsel has contacted all counsel, including counsel for Defendant School District and Defendant Smith**, who have advised Plaintiffs' counsel that they have no objection to this request for extension."

*See* Plaintiffs' Unopposed Motion to Extend Deadlines, [Doc. 45].

If Plaintiffs' counsel had received "reasonable notice" under LCvR 83.5 of an impending Motion to Withdraw as Counsel [Doc. 46], then Plaintiffs' counsel would have so informed the Court and requested additional time.

As a result, of counsel for Defendant Logan Skylar Smith withholding the filing of a Motion to Withdraw as Counsel [Doc. 46], that took place in less than 24 hours after [Doc. 45], this Court entered the following Minute Order on August 21, 2024:

> MINUTE ORDER by Magistrate Judge Jason A. Robertson: Plaintiffs' Unopposed Motion to Extend Deadlines (Docket Entry 45 ) is hereby GRANTED. Accordingly, discovery shall be completed in this case by SEPTEMBER 16, 2024 and all dispositive motions shall be filed by SEPTEMBER 30, 2024. (jpc, Deputy Clerk) (Entered: 08/21/2024).

5

The Motion to Withdraw as Counsel [Doc. 46] has placed the Minute Order and the entire First Amended Scheduling Order [Doc. 33] in peril. For how is Plaintiffs' counsel to depose the Defendant Logan Skylar Smith without Defendant Smith having retained new counsel? How is Plaintiffs' counsel to take the depositions of other witnesses when Defendant Logan Skylar Smith has no counsel to cross-examine? Let alone, how is Defendant Logan Skylar Smith to meet his deadline to file a "Dispositive Motion" by September 30, 2024, without counsel?

It was a bald face lie to have stated on August 16, 2024, that:

> ***There are no current deadlines that would be affected by this Motion.***

*See* Motion to Withdraw as Counsel, ¶ 4.

The result of this Court granting the Motion to Withdraw as Counsel [Doc. 46] is that if any further depostions are taken before the current deadline of September 16, 2024, a future new counsel for Defendant Logan Skylar Smith will object to those depositions since Defendant Logan Skylar Smith had no counsel at the time of the depositions. Let alone the wailing of Defendant Logan Skylar Smith's new counsel for the inability of Defendant Logan Skylar Smith's new counsel of even attempting to meet the current dispositive motion deadline of September 30, 2024. And all that speculation is dependant on, if Defendant Logan Skylar Smith were even to be able to attain new counsel by the discovery deadline of September 16, 2024 or the dispositive motion deadline of September 30, 2024.

The entire First Amended Scheduling Order [Doc. 33] and Minute Order has been wrecked by the bad faith filing of the Motion to Withdraw as Counsel [Doc. 46].

- **THE MOTION TO WITHDRAW IS INCONGRUOUS**

The Motion to Withdraw as Counsel [Doc. 46] makes the following incongruous statement to the Court:

*The remaining movants are unable to continue to represent Defendant
Smith due to current caseload.*

*See* Motion to Withdraw as Counsel, ¶ 3.

Plaintiffs' counsels, Cameron Spradling and Tod Mercer, are each solo practitioners. The "silk-stocking" law firm of Lytle Soulé & Felty boast of having thirteen (13) attorneys in its stable.[3]

As lead counsel Plaintiffs' counsel, Cameron Spradling, has resolved the following similar school district matters over the last nine (9) months:

- $5,000,000.00 – November 30, 2023, Judgment, [Doc. No. 374], *Mason Mecklenburg v. Kingfisher Independent School District No. 7 of Kingfisher County, Oklahoma, d/b/a Kingfisher School District,* Case No. 5:22-cv-00089-G (W.D. Okla.);

- $1,950,000.00 – April 25, 2024, Judgment, [Doc. No. 184], *John Doe 1, et al., v. Independent School District No. 2 of Seminole County, Oklahoma, d/b/a Wewoka Public Schools,* Case No. 6:22-cv-00343-JAR (E.D. Okla.);

- $2,625,000.00 – May 7, 2024, Judgment, [Doc. No. 78], *Shyann Ingle, et al., v. Independent School District No. 16 of Mayes County, Oklahoma, a/k/a Salina Public Schools,* Case No. 4:21-cv-00213-CVE-CDL (N.D.Okla.).

- $7,500,000.00 – Resolved June 25, 2024, Judgment pending, [Doc. 99], *Tristan Baker, et al., v. Independent School District No. 51 of Grady County, Oklahoma, a/k/a Ninnekah Public Schools,* Case No. 5:21-cv-00797-D (W.D.Okla.).

Plaintiffs' counsel, Cameron Spradling, has received competent co-counsel in Plaintiffs' counsel, Tod Mercer, in the *Salina Public Schools* lawsuit and the assistance of most capable co-counsel Brad Beckworth, Russ Leonoudakis, and Nathan Hall of Nix Patterson, LLP in the remaining cases of *Kingfisher School District, Wewoka Public Schools,* and *Ninnekah Public Schools.*

---

[3] *See* Lytle Soulé & Felty, Attorneys, https://www.lytlesoule.com/attorneys

In addition, the instant Defendant Tri-County Interlocal Coop is represented by lead counsel, John E. Priddy of Rosenstein, Fist & Ringold who also was the lead counsel in all the listed above of *Kingfisher School District, Wewoka Public Schools, Salina Public Schools,* and *Ninnekah Public Schools*.

Quite frankly, it is laughable to assert:

> ***The remaining movants are unable to continue to represent Defendant Smith due to current caseload.***

*See* Motion to Withdraw as Counsel, ¶ 3.

- **THE MOTION TO WITHDRAW PLACES DEFENDANT LOGAN SKYLAR SMITH IN LEGAL JEOPARDY**

The Defendant Logan Skylar Smith is in legal and criminal jeopardy without legal representation. Plaintiffs' in the instant response have previously stated, "Defendant Logan Skyler Smith is of marginal, if not low intelligence, and faces dire consequences if unrepresented by competent counsel". *See* The Motion to Withdraw is in Violation of LCvR 83.5, Page 3, *herein*.

To evidence that truth, the report of the interview of Logan Skylar Smith reveals his confession to the Healdton Police Department as follows:

> ***"We asked Smith why he would shut the door so [S.R.] could not get out. Smith stated that he did not want the fun to stop so he shut the door. After Smith made that statement we asked what would have happened if he would not have [been] caught, Smith stated that he would [have] done more and would have wanted to do more to [S.R.]. We asked what more meant, Smith stated that more meant sexual actions that he would have done to [S.R.] and that he was at the point of not being able to control his actions and thoughts he had with [S.R.]. He spoke of possibly trying [to] have a physical and mental relationship with [S.R.]* <span style="color:red">*knowing that she is just sixteen years old but has a mental disability that puts her operating at around eight year old's mind set.*</span> *Smith stated if even more time have passed that he worked at the school he would in fact have done more sexual acts to [S.R.] of given the opportunity to."* [4]

---

[4] Healdton Police Department, Incident/Offense Report, Case No. 22-077.

8

Depositions taken on July 25, 2024, have revealed a prior mentally and physically disabled victim who was also sexually assaulted by Defendant Logan Skylar Smith.

Despite the fact that the Defendant Logan Skylar Smith is a despicable human being and despite the fact that Plaintiffs' counsel relishes the opportunity to depose an unrepresented Logan Skylar Smith; the Defendant Smith still has rights, and one of those rights, is the right to counsel.[5]

## CONCLUSION

In Plaintiffs' counsel, Cameron Spradling's, forty-two (42) years as a licensed and practicing Oklahoma and Texas attorney, Plaintiffs' counsel has never objected to a Motion to Withdraw as Counsel. Plaintiffs' counsel suspects that this Court has never denied a Motion to Withdraw as Counsel. However, the denial of a Motion to Withdraw as Counsel is not without precedent; for even lesser offenses than the instant Motion to Withdraw as Counsel [Doc. 46]. *See e.g., Rehberg v. Bob Hubbard Horse Transportation*, Case No. 1:18-CV-00531, 2019 WL 1281857 at *1-2 (D. New Mexico March 20, 2019), Ex. 4.

WHEREFORE, Plaintiffs, respectfully request this Court to **DENY** the Motion to Withdraw as Counsel [Doc. 46] in all respects.

Dated: August 30, 2024

Respectfully submitted,

*s/ Cameron Spradling*
Cameron Spradling, OBA No. 8509
**CAMERON SPRADLING, PLLC**
500 North Walker Ave., Suite 100
Oklahoma City, OK 73102
Telephone: (405) 605-0610
Facsimile: (405) 605-0615

---

[5] "*Please the court, I suggest the jury be dismissed so that we can move to an immediate Article 39a Session. The witness has rights.*" Columbia Pictures ; Castle Rock Entertainment ; screenplay, Aaron Sorkin ; producers, David Brown, Rob Reiner, Andrew Scheinman ; director, Rob Reiner. *A Few Good Men.* Culver City, CA : Columbia TriStar, 2001.

9

Cameron@CameronSpradling.com

-and-

Tod S. Mercer, OBA No. 14157
**MERCER LAW FIRM**
500 East Choctaw Avenue
McAlester, OK 74501
Telephone: (918) 420-5850
Facsimile: (918) 420-5855
Tod@TodMercerLaw.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

  I hereby certify that on August 30, 2024, a true, correct and exact copy of the foregoing document was sent via CM/ECF Filing and Service Email to all counsel of record, as follows:

John E. Priddy, OBA No. 13604
Lindsey E. Albers, OBA No. 19394
**ROSENSTEIN FIST & RINGOLD**
525 S. Main, Suite 700
Tulsa, Oklahoma 74103
Telephone: (918) 585-9211
Facsimile: (918) 583-5617
johnp@rfrlaw.com
lalbers@rfrlaw.com

***Attorneys for Defendant,***
***Tri-County Interlocal Coop***


Eric L. Combs, OBA No. 31024
Jonathan W. Barr, OBA No. 32726
Matthew J. Becker, OBA No. 35057
**LYTLE SOULE & FELTY, PC**
1200 Robinson Renaissance
119 North Robinson Ave.
Oklahoma City, OK  73102
Telephone: (405) 232-7471
Facsimile: (405) 232-3852
combs@lytlesoule.com
barr@lytlesoule.com
becker@lytlesoule.com

***Attorneys for Defendant***
***Logan Skylar Smith***

              */s/ Cameron Spradling*
              Cameron Spradling